UNITED STATES DISTRICT COURT

SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| LANCE R. MARTIN,<br><br>                            Plaintiff,<br><br>v.<br><br>PRESIDENT D. TRUMP, et al.,<br><br>                            Defendants. | Case No.: 3:18-cv-02677-BTM-JLB<br><br>**ORDER:**<br><br>**1) GRANTING MOTION TO PROCEED IN FORMA PAUPERIS [ECF No. 2]**<br><br>**AND**<br><br>**2) DISMISSING CIVIL ACTION AS FRIVOLOUS PURSUANT TO 28 U.S.C. § 1915(e)(2)(B)(i)** |

      Lance R. Martin ("Plaintiff"), a former prisoner at Richard J. Donovan Correctional Facility ("RJD") in San Diego, California, but since released on parole and currently residing in San Diego, has filed a civil rights complaint pursuant to 42 U.S.C. § 1983. (*See* Compl., ECF No. 1 at 4-5.)

      Plaintiff seeks injunctive and declaratory relief, as well as unspecified amounts of compensatory and punitive damages, against the current and former Presidents of the United States, the former Governor of California, a Superior Court Judge, the San Diego County Sheriff, and dozens of RJD correctional officers, psychiatrists, psychologists, nurses, technicians, social workers, and therapists. (*Id.* at 4-9, 14-15.)

Plaintiff did not pay the filing fee required by 28 U.S.C. § 1914(a) to commence a civil action when he filed his Complaint; instead, he has filed a Motion to Proceed In Forma Pauperis ("IFP") pursuant to 28 U.S.C. § 1915(a) (ECF No. 2).

## I. Motion to Proceed IFP

All parties instituting any civil action, suit or proceeding in a district court of the United States, except an application for writ of habeas corpus, must pay a filing fee of $400. *See* 28 U.S.C. § 1914(a). An action may proceed despite a plaintiff's failure to prepay the entire fee only if he or she is granted leave to proceed IFP pursuant to 28 U.S.C. § 1915(a). *See Rodriguez v. Cook*, 169 F.3d 1176, 1177 (9th Cir. 1999). Section 1915(a)(2) requires all persons seeking to proceed without full prepayment of fees to file an affidavit that includes a statement of all assets possessed and demonstrates an inability to pay. *See Escobedo v. Applebees*, 787 F.3d 1226, 1234 (9th Cir. 2015).

"Unlike other indigent litigants, prisoners proceeding IFP must pay the full amount of filing fees in civil actions and appeals pursuant to the PLRA [Prison Litigation Reform Act]." *Agyeman v. INS*, 296 F.3d 871, 886 (9th Cir. 2002). As defined by the PLRA, a "prisoner" is "any person incarcerated or detained in any facility who is accused of, convicted of, sentenced for, or adjudicated delinquent for, violations of criminal law or the terms and conditions of parole, probation, pretrial release, or diversionary program." 28 U.S.C. § 1915(h).

Persons who file suit *after* having been released from custody, however, are no longer "prisoners" as defined by the PLRA, and are therefore not subject to 28 U.S.C. § 1915(b), 42 U.S.C. § 1997e(a)'s pre-suit administrative exhaustion requirements, or 28 U.S.C. § 1915(g)'s "three-strikes" provision. *See Page v. Torrey*, 201 F.3d 1136, 1140 (9th Cir. 2000) (person confined under California's Sexually Violent Predator Law, while a "a 'prisoner' within the meaning of the PLRA when he served time for his conviction, ... ceased being a 'prisoner' when he was released from the custody of the Department of Corrections."); *Jackson v. Fong*, 870 F.3d 928, 935 (9th Cir. 2017) (former prisoner incarcerated when he filed his civil rights action but released by the time he filed an

amended complaint was not subject to a PLRA's exhaustion requirement); *Moore v. Maricopa Cty. Sheriff's Office*, 657 F.3d 890, 892 (9th Cir. 2011) (noting that § 1915(g)'s three-strikes rule does not apply to a civil action of appeal filed after former prisoner was released on parole).[1]

Plaintiff was not a "prisoner" as defined by the PLRA at the time he filed this action; therefore, neither the filing fee provisions of 28 U.S.C. § 1915(b), nor § 1915(g)'s "three strikes" bar apply to this case. *See Andrews v. King,* 398 F.3d 1113, 1122 (9th Cir. 2005) ("[T]he scope of § 1915 is narrowed to plaintiffs who are in custody as the result of a conviction or who have been detained for an alleged criminal law violation."); *Moore*, 657 F.3d at 892.

Accordingly, the Court has reviewed Plaintiff's current affidavit of assets, just as it would for any other non-prisoner litigant seeking IFP status, finds it is sufficient to show that he is unable to pay the fees or post securities required to maintain this action, and **GRANTS** his Motion to Proceed IFP pursuant to 28 U.S.C. § 1915(a) (ECF No. 2).

## II. Screening Pursuant to 28 U.S.C. § 1915(e)(2)

### A. Standard of Review

Nevertheless, because he is proceeding IFP, Plaintiff's Complaint *is* still subject to sua sponte review, and mandatory dismissal, if it is "frivolous, malicious, fail[s] to state a claim upon which relief may be granted, or seek[s] monetary relief from a defendant immune from such relief." *See* 28 U.S.C. § 1915(e)(2)(B); *Coleman v. Tollefson*, 135 S. Ct. 1759, 1763 (2015) (pursuant to 28 U.S.C. § 1915(e)(2) "the court shall dismiss the case at any time if the court determines that—(A) the allegation of poverty is untrue; or

---

[1] Absent plausible allegations that he faced "imminent danger of serious physical injury" at the time of filing, Plaintiff *was* barred from proceeding IFP while he was incarcerated because his litigation history includes more than three civil actions or appeals that were dismissed as frivolous, malicious, or because they failed to state a claim. *See* 28 U.S.C. § 1915(g); *Martin v. Paramo, et al.*, S.D. Cal. Civil Case No. 3:16-cv-00545-BEN (KSC) (ECF No. 14) (collecting cases); *Bias v. Moynihan*, 508 F.3d 1212, 1225 (9th Cir. 2007) (a court "'may take judicial notice of proceedings in other courts, both within and without the federal judicial system, if those proceedings have a direct relation to matters at issue.'") (citation omitted).

(B) the action or appeal—(i) is frivolous or malicious; [or] (ii) fails to state a claim on which relief may be granted."); *Lopez v. Smith*, 203 F.3d 1122, 1127 (9th Cir. 2000) (en banc) ("[S]ection 1915(e) not only permits, but requires a district court to dismiss an in forma pauperis complaint that fails to state a claim."); *Calhoun v. Stahl*, 254 F.3d 845, 845 (9th Cir. 2001) (per curiam) (holding that "the provisions of 28 U.S.C. § 1915(e)(2)(B) are not limited to prisoners.").

The purpose of § 1915's screening provisions are "'to ensure that the targets of frivolous or malicious suits need not bear the expense of responding.'" *Nordstrom v. Ryan*, 762 F.3d 903, 920 n.1 (9th Cir. 2014) (quoting *Wheeler v. Wexford Health Sources, Inc.*, 689 F.3d 680, 681 (7th Cir. 2012)).

B.  Plaintiff's Allegations

Plaintiff claims Defendants engaged in an "underground policy … using excessive force through a food and water poisoning operation" involving "microscopic mites" which he alleges are tracked using Global Positioning Systems ("GPS") transmitting devices, and controlled by a mainframe computers at RJD, Calipatria, and Lancaster State Prisons. (*See* Compl., ECF No. 1 at 5, 9-13.)

Plaintiff contends Defendants have conspired to use the GPS technology, which emits "sonar radio-frequency microwaves" in order to torture and cause him to suffer intense internal body pain and heat, "bulges" in his spine, and "extreme headaches, which induced two strokes, partially paralyzing [the] left side of [his] face." (*Id.* at 10-12.) Plaintiff further alleges the technology controls his bowel movements, makes his heart beat abnormally, "burn[ed] holes in [his] cheeks," indent[ed] his temples," and has "crush[ed] his gum ridgeline making him look 90 years old, all day long." (*Id.* at 10; *see also* Pl.'s Affidavit, ECF No. 1 at 41.)

Plaintiff claims the "contamination policy" began while he was incarcerated, but continued after he was released on parole, and that Defendants have used "mind control" to implement their poison delivery technology via fouled tap water to adulterate his coffee with bleach, poison his oatmeal with Liquid Drano, and contaminate his bedding

4

and clothing with harmful chemicals and human waste. Plaintiff further contends Defendants have released microscopic mites to "climb up [his] nose, mouth, eyes, … scrotum and anus," and infect his leg, and that Defendants use their GPS transmitting devices to threaten him via telepathy and TV network affiliates, in an attempt to "murder" him in retaliation for his writing, including a publication entitled "The Lakeside Gangster." (*See* Compl., ECF No. 1 at 11, 13-14; *see also* Pl's Affidavit, ECF No. 1 at 40-41.)

    C.    Discussion

A preliminary review of Plaintiff's Complaint shows his suit is subject to sua sponte dismissal pursuant to 28 U.S.C. § 1915(e)(2)(B)(i) because it is plainly frivolous.

A pleading is "factual[ly] frivolous[]" under § 1915 if "the facts alleged rise to the level of the irrational or the wholly incredible, whether or not there are judicially noticeable facts available to contradict them." *Denton v. Hernandez*, 504 U.S. 25, 25-26 (1992). As noted above, both Plaintiff's Complaint contains irrational and incredible allegations that the current and former President of the United States conspired with other elected and prison officials to employ GPS technology and microscopic mites to poison his via food and water by controlling "hardware and software technology" that "emit[s] radiofrequency microwaves into [his] body, causing [him] brain injury by headaches, body fatigue," back pain, and damage to his heart, face, cheeks, jaw, bones, and bone marrow. (*See* Compl., ECF No. 1 at 10, 13.)

"[A] complaint, containing as it does both factual allegations and legal conclusions, is frivolous where it lacks an arguable basis either in law or in fact.... [The] term 'frivolous,' when applied to a complaint, embraces not only the inarguable legal conclusion, but also the fanciful factual allegation." *Neitzke v. Williams*, 490 U.S. 319, 325 (1989). When determining whether a complaint is frivolous, the court need not accept the allegations as true, but must "pierce the veil of the complaint's factual allegations," *Id.* at 327, to determine whether they are "'fanciful,' 'fantastic,' [or] 'delusional,'" *Denton*, 504 U.S. at 33 (quoting *Neitzke*, 490 U.S. at 328).

5

The Court finds Plaintiff's allegations meet these standards because they "rise to the level of the irrational or the wholly incredible." *Denton,* 504 U.S. at 33. Therefore, Plaintiff's Complaint requires sua sponte dismissal as frivolous pursuant to 28 U.S.C. § 1915(e)(2)(B)(i) and without leave to amend.[2] *See Lopez*, 203 F.3d at 1127 (noting that if a claim is classified as frivolous, "there is by definition no merit to the underlying action and so no reason to grant leave to amend."); *see also Waldrop v. Dep't of Corr.*, No. CIV S-06-1260 DFL EFB P, 2006 WL 2926754, at *1–2 (E.D. Cal. Oct. 11, 2006) (dismissing as frivolous claims that prison placed radio transmitters in plaintiff's ears and used satellite transmissions to monitor him as an experiment for a web site because they "describ[ed] fantastic or delusional scenarios.").

### III. Conclusion and Order

Accordingly, the Court:

1) **GRANTS** Plaintiff's Motion to Proceed IFP (ECF No. 2);

2) **DISMISSES** Plaintiff's Complaint sua sponte as frivolous and without leave to amend pursuant to 28 U.S.C. § 1915(e)(2)(B)(i);

3) **CERTIFIES** that an IFP appeal of this Order would not be taken in good faith pursuant to 28 U.S.C. § 1915(a)(3); and

4) **DIRECTS** the Clerk of the Court to enter a final judgment of dismissal and to close the file.

**IT IS SO ORDERED**.

Dated: March 21, 2019

_____
Honorable Barry Ted Moskowitz
United States District Judge

---

[2] The Court also notes that Plaintiff alleged similar claims in *Martin v. Paramo, et al.*, S.D. Cal. Civil Case No. 3:16-cv-00545-BEN-KSC, while he was still incarcerated at RJD. *See id.*, ECF No. 1, Compl. at 8-9. That case too was dismissed as frivolous. *See id.,* ECF No. 14.

6

3:18-cv-02677-BTM-JLB